IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID NELSON PRYER,

   Plaintiff,       No. CIV S-09-2895 LKK EFB PS

  vs.

CHARACTER JUDY; CHANNEL 58 TV STATION; 102.5 KISS FM SACRAMENTO RADIO STATION; MUSICIAN; CITY OF SACRAMENTO;

   Defendants.    ORDER
_____/

   Plaintiff is confined at California State Prison, Sacramento and is proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). By separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

   Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time

1

if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court cannot determine whether the complaint is frivolous or can be amended to state a claim, because it is very nearly incomprehensible. Nonetheless, it is clear that plaintiff has not identified proper defendants pursuant to 42 U.S.C. § 1983.

Plaintiff improperly seeks to sue Character Judy, Channel 58 TV Station, 102.5 KISS FM Sacramento Radio Station, and Musician, all pursuant to 42 U.S.C. § 1983. In order to state a claim under this section, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff, however, fails to allege that the defendants were state actors or that they were otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)). Furthermore, plaintiff fails to identify the constitutional rights the defendants allegedly violated, or explain how their actions resulted in the deprivation of any constitutional right.

The remaining defendant, City of Sacramento, is also an improperly named defendant. Plaintiff has not alleged any claims against the City of Sacramento, nor has plaintiff explained how any actions by that defendant resulted in the deprivation of any constitutional right. Moreover, since there is no respondeat superior liability under § 1983, municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort. *See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under *Monell*). "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original). "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to

governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."[1] *Monell*, 436 U.S. at 690-91. Plaintiff has not alleged any official policy or custom by the City of Sacramento. Therefore, plaintiff's claims against the City of Sacramento will be dismissed with leave to amend.

The court also finds that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2), in that it does not contain a short and plaint statement of plaintiff's claims showing entitlement to relief. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must state the elements of the claim sufficient to put defendants fairly on notice of the claims against them. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Therefore, plaintiff's complaint will be dismissed. However, plaintiff is granted leave to file an amended complaint and name proper governmental actors, if any can properly be listed as defendants. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once

---

[1] "The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).

1  plaintiff files an amended complaint, the original no longer serves any function in the case.

2  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

3  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

4  1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

5  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

6       Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

7  Procedure, this court's Local Rules, or any court order may result in a recommendation that this

8  action be dismissed. *See* Local Rule 110.

9       Accordingly, IT IS ORDERED that:

10      1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

11      2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in

12 accordance with the notice to the Director of the California Department of Corrections and

13 Rehabilitation filed concurrently herewith.

14      3. Plaintiff's complaint is dismissed with leave to amend.

15      4. Plaintiff is granted thirty days from the date of service of this order to file an amended

16 complaint. The amended complaint must bear the docket number assigned to this case and must

17 be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended

18 complaint. Failure to timely file an amended complaint in accordance with this order will result

19 in a recommendation this action be dismissed.

20 DATED: April 22, 2010.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE