IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID NELSON PRYER,

      Plaintiff,                         No. CIV S-09-2895 LKK EFB PS

     vs.

CHARACTER JUDY; CHANNEL 58
TV STATION; 102.5 KISS FM
SACRAMENTO RADIO STATION;
MUSICIAN; CITY OF SACRAMENTO;
ELLEN DEGENERES; OWNER TO
ELLEN SHOW,

      Defendants.                 <u>FINDINGS AND RECOMMENDATIONS</u>

/

      Plaintiff is confined at California State Prison, Sacramento and is proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 23, 2010, plaintiff was granted leave to proceed in this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Dckt. No. 3. The April 23 order also dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) because plaintiff failed to identify proper defendants under § 1983 and because plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2), in that it did not contain a short and plain statement of plaintiff's claims showing entitlement to relief.

      Nonetheless, plaintiff was granted thirty days to file an amended complaint and name proper governmental actors. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

1

1  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
2  their complaints).  Dckt. No. 3 at 4.  Plaintiff did not timely file an amended complaint, but on
3  July 13, 2010, he filed a motion for reconsideration of the April 23 order and a motion to amend
4  his complaint.  Dckt. Nos. 5, 6.  Although plaintiff's motion to amend did not indicate why
5  plaintiff failed to timely file an amended complaint, the motion was granted and plaintiff was
6  given additional time to file an amended complaint consistent with the April 23 order.  Dckt. No.
7  7.

8  On October 12, 2010, plaintiff filed a first amended complaint.  Dckt. No. 8.  However,
9  the amended complaint does not attempt to correct any of the deficiencies outlined in the April
10 23 order.  Instead, the amended complaint names the same defendants that were named in the
11 original complaint, and also names Ellen DeGeneres and the "Owner to Ellen Show" as
12 additional defendants.  As noted in the April 23 order, in order to state a claim under § 1983, a
13 plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that
14 the violation was committed by a person acting under the color of state law.  *See West v. Atkins*,
15 487 U.S. 42, 48 (1988).  Once again, however, plaintiff's amended complaint fails to allege that
16 any of the defendants are state actors or that they were otherwise acting under color of law.
17 Plaintiff's amended complaint also fails to identify the constitutional rights the defendants
18 allegedly violated and fails to explain how their actions resulted in the deprivation of any
19 constitutional right.

20 Moreover, the amended complaint once again fails to comply with Rule 8(a)(2), in that it
21 does not contain a short and plaint statement of plaintiff's claims showing entitlement to relief.
22 As noted in the April 23 order, although the Federal Rules of Civil Procedure adopt a flexible
23 pleading policy, a complaint must state the elements of the claim sufficient to put defendants
24 fairly on notice of the claims against them.  *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649
25 (9th Cir. 1984).  Here, plaintiff's amended complaint is very nearly incomprehensible.
26 ////

Therefore, the undersigned will recommend that plaintiff's amended complaint be dismissed. Further, because it does not appear that plaintiff could cure the deficiencies stated herein by filing a second amended complaint, the undersigned will recommend that plaintiff's amended complaint be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1126-27.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint, Dckt. No. 8, be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE